**Arthur L. LAGE**

v.

**The PHILLIPS HISTORICAL SOCIETY, et al.**

Supreme Judicial Court of Maine.
Argued Nov. 15, 1985.
Decided June 2, 1986.

---

Wright & Mills, P.A., S. Peter Mills (orally), Skowhegan, for plaintiff.

Robert J. Beal, P.A., Robert J. Beal (orally), Rangeley, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The defendants, the Phillips Historical Society and the heirs of Benjamin W. Johnson, appeal from a judgment of the Superior Court (Franklin County) granting the plaintiff, Arthur L. Lage, title in fee simple to a disputed strip of land in the Town of Phillips. We find no error in the judgment rendered by the Superior Court and we deny the appeal.

The area in dispute is a strip of land, 66 feet in width, stretching approximately 1,000 feet across plaintiff's farmland. The strip once formed part of the right-of-way of the Phillips and Rangeley Railroad. The railroad's rights were acquired through the exercise of eminent domain in 1890, at which time title was in the name of the late Benjamin W. Johnson. Plaintiff derives his title to the farmland under an 1893 deed from Johnson which expressly excepted "all the rights of way and other rights acquired by the Phillips and Rangeley Railroad while the said premises were owned by me." There have been no railroad operations over this route since 1935. In 1979, the successor to the railroad quit-claimed some two and a half miles of the original right-of-way to the Phillips Historical Society. Plaintiff filed his complaint in Superior Court seeking to establish his title to the disputed strip of land. The court found title to be in plaintiff and it is from this judgment that defendants appeal.

When the Legislature incorporated the Phillips and Rangeley Railroad in 1899 it authorized the railroad "to take" such land "as may be necessary or convenient for the location or construction, and convenient for operation of said railroad." P. & S.L., 1889, ch. 545, § 3. In *Bowden v. York Shore Water Co.*, 114 Me. 150, 153, 95 A. 779, 781 (1915), this Court considered a nearly identical legislative grant of power to exercise the right of eminent domain. In that early case we acknowledged the existence of a division of authority but we adopted the proposition that "unless a legislative intent is discoverable that an absolute fee shall vest, the taker takes only an easement, or, at most, a qualified, conditionable and determinable fee." *Id.* It is equally well settled law that the legislative grant is subject to strict construction:

> Statutes authorizing the taking of private property against the will of the owner must be construed strictly against the donee of the right. The power so granted is not to be extended beyond the plain, unmistakable meaning of the language used. Words in the statute fairly susceptible of a meaning limiting the power are to be so construed if the facts will fairly permit.

*In re Bangor Hydro-Electric Company*, 314 A.2d 800, 806 (Me.1974). Applying these principles, the Superior Court correct-

ly concluded that "the Railroad's assumption of an interest greater than a simple easement would have been contrary to a strict reading of the 1889 legislative grant to the Railroad." The court committed no error in holding that fee simple title remained in plaintiff and that the railroad's easement for public use terminated when the railroad ceased operation.

The entry is:

Judgment affirmed.

All concurring.